**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **CHANGZHOU MANZHUO AUTOMOBILE PARTS TECHNOLOGY CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EZ4X4, LLC.,**<br><br>**Defendant.** | **Civil Action No.: 26-cv-________**<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT**

Plaintiff Changzhou Manzhuo Automobile Parts Technology Co., Ltd. ("Plaintiff" or "Manzhuo"), by and through undersigned counsel, brings this action against Defendant EZ4X4, LLC ("EZ4X4") for declaratory judgment of noninfringement of U.S. Patent No. 11,097,759 (the '759 Patent), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking a declaration that the automotive door transport and storage rack products identified below do not infringe claim 1, or any other claim, of the '759 Patent, directly or indirectly, literally or under the doctrine of equivalents.

2. Manzhuo markets automotive door transport and storage racks on Amazon.com under the storefront name KUQAE STORE. On November 3, 2026, Amazon notified Manzhuo that EZ4X4 had asserted the ’759 Patent through Amazon's Patent Evaluation Express ('APEX') procedure against three of Manzhuo's product listings: ASINs B0GQ2MF74X, B0GQ2VVSVM, and B0GQ2X8PKB (collectively, the 'Accused Products'). The notification identifies APEX Case No. 22899971081.

3. Amazon's notice advises that Manzhuo faces removal of the listed products if it does not timely pursue an available response, and that a filed complaint for declaratory judgment of noninfringement may be submitted to Amazon within the notice period. An actual and immediate dispute therefore exists between the parties concerning claim 1 of the ’759 Patent and the Accused Products.

## THE PARTIES

4. Plaintiff Manzhuo is a company organized under the laws of the People's Republic of China. Its Chinese-language legal name is 常州曼卓汽车零部件科技有限公司. Its business address as displayed on its Amazon.com seller information page is No. 144, Qiliang Road, Wansui, Menghe Town, Xinbei District, Changzhou, Jiangsu Province 213129, China. Manzhuo operates the Amazon storefront KUQAE STORE, and the seller-identifying business name displayed by Amazon is 'changzhoumanzhuoqichelingbujiankejiyouxiangongsi.'

5. Defendant EZ4X4 is a limited liability company organized under the laws of Connecticut and registered as an active foreign limited liability company in Florida (Florida Document No. M22000007676). In its April 30, 2026, annual report filed with the Florida Department of State, EZ4X4 identified its 'Current Principal Place of Business' as 1008 N Lincoln Ave, Tampa, FL 33607. The same filing lists 95 Johnson Street, Waterbury, CT 06710 as its

mailing address, and Tracy Forlini, 6160 SW Highway 200, Unit 110-606, Ocala, FL 34476, as its Florida registered agent.

## JURISDICTION AND VENUE

6. This action arises under federal patent law. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. A substantial, immediate, and real controversy exists between Manzhuo and EZ4X4. EZ4X4 has affirmatively asserted that the Accused Products infringe the ’759 Patent by initiating the APEX process against specific Manzhuo listings, and Amazon has notified Manzhuo that those listings will be removed unless Manzhuo resolves the dispute with EZ4X4, submits to APEX evaluation, or files a declaratory-judgment action. Manzhuo disputes infringement. The resulting threat to the continued availability of those listings presents an immediate controversy fit for judicial resolution. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *SnapRays v. Lighting Def. Grp.*, 100 F.4th 1371, 1373 (Fed. Cir. 2024) (describing APEX procedure, under which accused listings are removed unless the seller opts into evaluation, resolves the claim with the patent owner, or files a declaratory-judgment action of noninfringement), *cert. denied*, No. 24-524, 2025 U.S. LEXIS 1233 (U.S. Mar. 24, 2025).

8. This Court has personal jurisdiction over EZ4X4. EZ4X4 is registered as an active foreign limited liability company authorized to do business in Florida, under Florida Document No. M22000007676. In its 2026 Annual Report filed April 30, 2026, EZ4X4 affirmatively identified 1008 N Lincoln Ave, Tampa, Florida 33607 as its 'Current Principal Place of Business.' EZ4X4 thus identifies its principal place of business in this District, subjecting it to general

personal jurisdiction in Florida under Fla. Stat. § 48.193(2) and consistent with constitutional due process.

9. Because EZ4X4 maintains its publicly declared principal place of business in Tampa, within the Middle District of Florida, EZ4X4 is at home in Florida and subject to general personal jurisdiction here as to any claim, including this one. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). EZ4X4 also initiated the Amazon APEX assertion against Manzhuo's specific listings that gave rise to the present patent dispute. The Court's exercise of personal jurisdiction over EZ4X4 comports with constitutional due process.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), because EZ4X4 identifies Tampa, Florida as its principal place of business and is subject to personal jurisdiction in this District. The Tampa Division is the appropriate division under Local Rule 1.04, as EZ4X4's stated principal place of business is located in Tampa, Hillsborough County, Florida.

## FACTUAL BACKGROUND

### A. The Accused Products

11. Manzhuo markets vehicular-door transport and storage racks, including listings identified by ASINs B0GQ2MF74X, B0GQ2VVSVM, and B0GQ2X8PKB, on Amazon.com under the KUQAE STORE storefront. The product depictions for these ASINs show wheeled horizontal rack assemblies with two upright members supporting vehicle-door hinge attachments. The listings depict product color or finish variations and related configurations.

12. The Accused Products have two upwardly extending uprights whose bottom ends are separately secured, by triangular reinforcing supports, at distinct locations adjacent to the longitudinal side rails of the wheeled base. A horizontal connecting member joins the uprights at

a position substantially below their open upper ends. This construction has no common vertical-frame base rail from which both uprights extend and which is directly connected to a transverse cross rail of the horizontal frame, as required by claim 1 of the ’759 Patent.

B. **The ’759 Patent and Asserted Claim**

13. The ’759 Patent, titled 'Versatile Article Support Device,' issued August 24, 2021, from U.S. Application No. 16/537,593, filed August 11, 2019. A true copy of the issued patent is attached as Exhibit A. The ’759 Patent expired in August 2025 for failure to timely pay the 3.5-year maintenance fee. On January 16, 2026, the United States Patent and Trademark Office (“USPTO”) granted a petition under 37 C.F.R. § 1.378(b) to accept the delayed payment and reinstated the patent as of that date.

14. The ’759 Patent includes 19 claims, of which claims 1 and 14 are independent. In the signed APEX Agreement furnished with Amazon's notice, EZ4X4 identified claim 1 as the claim asserted for evaluation. Amazon’s notice to Manzhuo, however, asserts infringement of the ’759 Patent without limitation to any claim. Independent claim 14, like claim 1, requires a vertical frame having a base rail attached directly to one of the cross rails of the horizontal frame and a top rail that joins the first and second riser rails, and every other claim depends from claim 1 or claim 14.

15. Claim 1 recites, among other limitations, (a) a horizontal frame having coextensive side rails joined by transverse cross rails; (b) a vertical frame comprising a base rail from which first and second riser rails extend, with a top rail joining those riser rails; and (c) a requirement that the vertical frame's base rail be attached directly to one of the horizontal frame's transverse cross rails. The claim separately recites specified hinge-pin receivers and opening/axis relationships. Limitations (a) and (c) were not in the claims as filed. During prosecution, the

examiner rejected claims 1 and 14 as obvious over U.S. Patent No. 5,720,817 ("Taylor") in view of U.S. Patent No. 6,811,038, identifying Taylor's side support tubing as the claimed "base rail." In response, on January 15, 2021, the applicant amended claims 1 and 14 to require that the horizontal frame be formed by side rails joined by transverse cross rails and that the base rail be attached "directly" to one of those cross rails.

C. **EZ4X4's Amazon APEX Assertion**

16. EZ4X4 submitted an executed APEX Agreement representing that it owns or has the right to enforce the '759 Patent and asserting infringement of claim 1 against identified listings. The executed Agreement lists multiple ASINs, including the three Accused Products relevant to Manzhuo in this action. EZ4X4 is the recorded assignee of the '759 Patent: the inventor, Alan S. Poudrier, assigned the patent to EZ4X4 on April 12, 2024, and the assignment was recorded with the USPTO on May 13, 2024, at Reel/Frame 067396/0122.

17. On November 3, 2026, Amazon sent Manzhuo a notice bearing the subject 'RE:[CASE 22899971081] Notice: Amazon Patent Evaluation Express Program - Action Required.' The notice specifically identifies ASINs B0GQ2MF74X, B0GQ2VVSVM, and B0GQ2X8PKB and U.S. Patent No. 11,097,759. The notice and the patent owner's executed APEX Agreement are attached together as Exhibit B.

18. The notice instructs the seller to respond within three weeks and states that Amazon will remove the named listings, and materially identical variants, if the seller does not resolve the dispute or agree to participate in APEX evaluation. The notice also permits the seller to submit a copy of a filed federal declaratory-judgment complaint within that period and indicates that the identified products may remain listed while the lawsuit proceeds.

19. Manzhuo denies infringement and maintains a concrete commercial interest in the continued offer and sale of the Accused Products without the cloud of EZ4X4's claim 1 infringement allegation. That allegation threatens the continued availability of the Accused Products on Amazon.com.

D. **Noninfringement of the ’759 Patent**

20. The Accused Products do not meet the structural limitations of claim 1 of the ’759 Patent. Claim 1 specifies a vertical frame comprising a base rail, first and second riser rails extending upwardly from that base rail, and a top rail connecting the risers. Claim 1 further expressly requires that the vertical-frame base rail be directly attached to one of the transverse cross rails of the horizontal frame. The specification confirms that the base rail and cross rail are separate members: the base rail 24 “sits atop one of the cross rails 16” and is bolted to it. Ex. A, col. 3, ll. 55–62.

21. The Accused Products instead employ two separately anchored upright members, each supported by a triangular reinforcing member at a different part of the base near the longitudinal side rails, with a connecting bar positioned between the uprights. They do not have the claimed common base rail that supports both risers and directly attaches to a transverse cross rail of the horizontal frame. These differences concern the specified components and their physical connections, not merely the appearance of the rack.

22. Claim 1 also requires “a top rail that joins the first riser rail and the second riser rail.” The Accused Products have no top rail. Their uprights terminate in open, unconnected upper ends, and the only member joining the uprights is a horizontal connecting bar positioned at mid-height, well below those ends, with hinge-pin brackets mounted on the uprights above it. A connecting bar located below the tops of the uprights is not a “top rail,” and the Accused Products

therefore lack this separate claim 1 limitation as well. The specification confirms that the top rail 28 "connects the upper ends" of the riser rails. Ex. A, col. 3, ll. 36–37.

23. Claim 1 requires the recited base rail, riser rails, top rail, transverse cross rail, and their specified connections in combination. The Accused Products use individually braced uprights connected to the base at separate locations instead of the claimed common base-rail assembly, and a mid-height connecting bar instead of the claimed top rail. Claim 1 separately recites the vertical frame's "base rail" and the horizontal frame's "cross rails," and requires that the former be "attached directly to" one of the latter; no cross rail of the Accused Products' horizontal frame can serve as both, because that rail would then have to be "attached directly to" itself. *See Becton, Dickinson & Co. v. Tyco Healthcare Grp. LP*, 616 F.3d 1249, 1254–55 (Fed. Cir. 2010) (separately listed claim elements are distinct components; construction requiring one structure to be connected to itself is a physical impossibility). Accordingly, the Accused Products do not meet every limitation of claim 1 literally. Nor do they infringe under the doctrine of equivalents: treating separately anchored uprights as a common base rail directly attached to a cross rail, or a mid-height connecting bar as a top rail, would read the "base rail," "attached directly," and "top rail" limitations out of claim 1 entirely. Prosecution history estoppel independently bars that theory: having added the "attached directly to one of the cross rails" requirement to claims 1 and 14 to overcome a prior-art rejection, EZ4X4 cannot now recapture, as an equivalent, a vertical frame whose uprights are anchored to the side rails rather than attached directly to a cross rail. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736–41 (2002). Because independent claim 14 contains the same limitations, and every remaining claim depends from claim 1 or claim 14, the Accused Products do not infringe any claim of the '759 Patent.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’759 PATENT

24. Manzhuo incorporates paragraphs 1 through 23 as though fully set forth herein.

25. An actual controversy exists as to whether the Accused Products infringe the ’759 Patent, including claim 1.

26. The Accused Products do not infringe claim 1 or any other claim of the ’759 Patent, directly or indirectly, literally or under the doctrine of equivalents. In particular, their two separately anchored uprights and mid-height connecting member do not form the claimed vertical frame having a common base rail directly attached to a transverse cross rail of the horizontal frame and a top rail joining the riser rails—limitations required by claims 1 and 14, and therefore by every claim of the ’759 Patent.

27. Manzhuo is entitled to judgment under 28 U.S.C. §§ 2201 and 2202 declaring that the Accused Products identified by ASINs B0GQ2MF74X, B0GQ2VVSVM, and B0GQ2X8PKB do not infringe claim 1 or any other claim of the ’759 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the Accused Products associated with ASINs B0GQ2MF74X, B0GQ2VVSVM, and B0GQ2X8PKB do not infringe claim 1 or any other claim of U.S. Patent No. 11,097,759, directly or indirectly, literally or under the doctrine of equivalents;

B. Enter final judgment in favor of Plaintiff on Count I;

C. Award Plaintiff its taxable costs to the extent permitted by law; and

D. Award such other and further relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 19, 2026

Respectfully submitted,

/s/ Alexander Warden
Alexander Warden
NY Attorney Registration No. 6055388
WEST ATLANTIC LAW FIRM, PLLC
104 W. 40th Street, Suite 400
New York, NY 10018
Telephone: (347) 420-0279
alexander.warden@walflaw.com
Lead Counsel for Plaintiff
(Motion for Special Admission under
Local Rule 2.01(c) filed concurrently)

# EXHIBIT A

US011097759B1

(12) **United States Patent**
**Poudrier**

(10) **Patent No.: US 11,097,759 B1**
(45) **Date of Patent: Aug. 24, 2021**

(54) **VERSATILE ARTICLE SUPPORT DEVICE**

(71) Applicant: **Alan S Poudrier**, Niceville, FL (US)

(72) Inventor: **Alan S Poudrier**, Niceville, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 4 days.

(21) Appl. No.: **16/537,593**

(22) Filed: **Aug. 11, 2019**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 16/125,672, filed on Sep. 8, 2018, now Pat. No. 10,376,045.

(51) **Int. Cl.**

| | |
|---|---|
| ***B65D 85/68*** | (2006.01) |
| ***B62B 3/04*** | (2006.01) |
| ***B25H 3/04*** | (2006.01) |
| ***B62B 3/10*** | (2006.01) |
| ***B62B 3/02*** | (2006.01) |
| ***B05B 13/02*** | (2006.01) |
| ***B62B 5/00*** | (2006.01) |

(52) **U.S. Cl.**
CPC ............ ***B62B 3/04*** (2013.01); ***B05B 13/0285*** (2013.01); ***B25H 3/04*** (2013.01); ***B62B 3/02*** (2013.01); ***B62B 3/10*** (2013.01); ***B62B 5/0083*** (2013.01); *B62B 2202/90* (2013.01)

(58) **Field of Classification Search**
CPC .... B62B 3/04; B62B 3/02; B62B 3/10; B62B 5/0083; B25H 3/04; B05B 13/0285
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 3,955,511 | A * | 5/1976 | Bak | A47B 45/00 | 108/137 |
| 4,934,015 | A * | 6/1990 | Mink | A47L 4/04 | 15/268 |
| 5,476,282 | A * | 12/1995 | Dahl | B62B 1/002 | 280/47.18 |
| 5,570,988 | A * | 11/1996 | Gallaway | B62B 5/0003 | 414/343 |
| 5,660,637 | A * | 8/1997 | Dodge | B05B 13/0285 | 118/500 |
| 5,720,817 | A * | 2/1998 | Taylor | B05B 13/0285 | 118/500 |
| 5,778,953 | A * | 7/1998 | Braddock | B23D 47/025 | 144/286.1 |
| 6,123,208 | A * | 9/2000 | Haenszel | A47B 45/00 | 108/55.1 |
| 6,394,267 | B1 * | 5/2002 | Craig | B65D 88/528 | 206/321 |
| 6,422,405 | B1 * | 7/2002 | Haenszel | A47B 45/00 | 108/55.1 |
| 6,561,745 | B2 * | 5/2003 | Rountree | B62B 1/10 | 280/47.27 |
| 6,811,038 | B1 * | 11/2004 | Sanderson | A47B 81/00 | 211/13.1 |
| 6,837,934 | B1 * | 1/2005 | Patrykus | B05B 13/0285 | 118/500 |

(Continued)

*Primary Examiner* — Kimberley S Wright
(74) *Attorney, Agent, or Firm* — Peter Loffler

(57) **ABSTRACT**

A versatile transport rack uses a rectangular shaped horizontal frame and one or more vertical frames that extend upwardly therefrom. Hinge pin receiver pairs are attached to the vertical frame and receive door pin pairs of a vehicle door. Either castors or axle-based wheel sets are removably attached to the horizontal frame in order to move the device about. Plates having appropriately placed templates are attached to the horizontal frame and/or the hinge pin receivers to hold various implements.

**19 Claims, 6 Drawing Sheets**



(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 6,966,574 | B1 * | 11/2005 | Dahl | B62B 1/002 280/47.18 |
| 7,784,802 | B2 * | 8/2010 | White | E04F 21/0023 280/79.11 |
| 8,475,109 | B2 * | 7/2013 | Torrison | B62B 5/0485 414/444 |
| 9,198,269 | B2 * | 11/2015 | Bristow | H05F 3/02 |
| 9,701,482 | B2 * | 7/2017 | Lawless | B60B 33/0021 |
| 9,903,527 | B1 * | 2/2018 | Wiborg | F16M 11/20 |
| 10,376,045 | B1 * | 8/2019 | Poudrier | B62B 3/002 |
| 2004/0150148 | A1 * | 8/2004 | Luca | B62D 65/18 269/17 |
| 2008/0087792 | A1 * | 4/2008 | Evitt, Sr. | F16M 3/00 248/676 |
| 2008/0237168 | A1 * | 10/2008 | Harpole | B65D 19/12 211/195 |
| 2009/0096144 | A1 * | 4/2009 | White | B62B 3/108 269/17 |
| 2013/0286529 | A1 * | 10/2013 | Bristow | H05F 3/02 361/220 |
| 2014/0217045 | A1 * | 8/2014 | Nesin | A47F 7/00 211/85.8 |
| 2017/0305452 | A1 * | 10/2017 | King | B62B 1/12 |
| 2019/0331291 | A1 * | 10/2019 | Poudrier | B25H 1/0007 |

* cited by examiner


28
34
30
34
26
34
30
32
22
36
38
34
34
36
30
24
26
16
14
40
44
16
40
40
46
44
18
16
20
42
14
10
42

Fig. 1


30
22
34
34
34
68
10

Fig 2




Fig 3




Fig 4




Fig 5




Fig 6




Fig 7




Fig 8


50
50
52
52
54
62
36
36
62
54
62
36
36
48
48
62
60
36
52
60
48
12
10

Fig 9


122
174
114 11
116
114 11
176
114 1
114 11
174
116
116
112
114 1
174
176
110
114 11

Fig 10




Fig 11




Fig 12

# VERSATILE ARTICLE SUPPORT DEVICE

This application is a Continuation-In-Part of U.S. patent application Ser. No. 16/125,672, filed on Sep. 8, 2018, which is a Continuation-In-Part of U.S. patent application Ser. No. 15/962,262, filed on Apr. 25, 2018, each of which is incorporated by reference herein in its entirety.

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates to a ground supported rack that rests on the ground surface or rolls on either axle-based wheels, casters, or a combination, the rack having a vertical support so that the rack can hold various items supported by either its horizontal base or the vertical support, or both.

### 2. Background of the Prior Art

Many people who enjoy outdoor activities own sport utility vehicles (SUVs) with doors that can be removed in order to give occupants more outdoor pleasure while riding in the vehicle. The doors, once removed, need to be stored in appropriate fashion in order to prevent damage to them. As such doors are relatively bulky and heavy, such storage is not an easy task. Laying the doors on a ground surface is not satisfactory as that can cause damage to the door, especially to its finish. Therefore, some devices are available for storing the doors, but such devices do not offer any purpose beyond this singular purpose and are not otherwise of particular utility when not serving in their intended purpose and are they themselves relatively large and bulky.

What is needed is a device that is designed to easily and effectively hold a vehicle door that is removed from the vehicle so as to prevent the door from becoming damaged. Such a device must be able to easily move about the ground level when the doors are being held by the device. Such a device must have substantial utility beyond the task of holding and moving vehicle doors about so that the device is multipurpose in its functioning. Such a device must provide support for a variety of articles as defined by the users' needs and also be relatively small and compact when not in use for ease of storage or transport of the device.

## SUMMARY OF THE INVENTION

The versatile article support device of the present invention addresses the aforementioned needs in the device by providing an article rack that is specifically configured to hold a set of vehicles doors that are removed from a vehicle and easily move the doors about a ground surface as needed. The versatile article support device allows for quick and easy donning of the doors onto the device and doffing therefrom without the need for any specialized tools or other implements. The versatile article support device has substantial versatility beyond its door storing and transport function and can be quickly configured for a wide variety of diverse tasks. The versatile article support device is of relatively simple design and construction, being produced using standard manufacturing techniques, so that the device is relatively inexpensive to produce so as to be economically attractive to potential consumers for this type of device. Use and maintenance of the versatile article support device is simple and straightforward. The versatile article support device is lightweight and compact in design and is collapsible for ease of storage and transport of the device.

The versatile article support device of the present invention is comprised of a horizontal frame that has a pair of coextensive side rails joined by at least two spaced apart cross rails. The cross rails have a square cross-section. The horizontal frame has an upper surface and a corresponding lower surface. A vertical frame has a base rail and a first riser rail extending upwardly from the base rail and a second riser rail extending upwardly from the base rail coextensively with the first riser rail. A top rail extends between the first riser rail and the second riser rail at the top of the vertical frame. The base rail is attached to one of the cross rails on the upper surface of the horizontal frame. A first of hinge pin receiver has a first opening and is attached to the first riser rail while a second of hinge pin receiver has a second opening and is attached to the first riser rail below the first hinge pin receiver. The first opening of the first hinge pin receiver and the second opening of the second hinge pin receiver align with one another so that an axis passes through the aligned first opening and the second opening. The axis is also parallel with the pair of risers. The first hinge pin receiver and the second hinge pin receiver may each attached to the first riser rail so as to be positioned between the first riser rail and the second riser rail (inner facing surface of the first riser rail) or may be attached on an outer facing surface of the first riser rail. A wheel implement is removably attached to the lower surface of the horizontal frame. The wheel implement is comprised of a first caster that is attached to the first side rail and a second caster that is attached to the second side rail directly across from the first caster. Alternately, the wheel implement is comprised of an axle tube and a U-shaped receiver that is attached to the axle tube such that the receiver receives one of the cross rails. A first wheel is rotatably attached to a first end of the axle tube (to an axle disposed within the axle tube) while a second wheel is rotatably attached to a second end of the axle tube (again, to the axle proper). A pair of extensions rises upwardly from the axle tube and a cross bar extends between the pair of extensions and is bent inwardly toward the axle tube. The extensions and the receiver are radially offset from one another by 90 degrees. The side rails are each made from a first section and a second section that is removably attached to the first section. A first base plate may be removably attached to the upper surface of the horizontal frame. A second base plate may be removably attached to either the first hinge pin receiver or the second hinge pin receiver.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view, partially disassembled, of the versatile article support device of the present invention employing a set of castors.

FIG. **2** is a perspective view of the versatile article support device employing the set of castors and a pair of base plates.

FIG. **3** is a perspective view of the versatile article support device employing a wheel set at one end and a landing skid at an opposing end.

FIG. **4** is a perspective view of the versatile article support device utilizing both and upper base plate and lower base plates.

FIG. **5** is an environmental view of the versatile article support device holding vehicle doors.

FIG. **6** is a perspective view of a wheel set used with the versatile article support device.

FIG. **7** is a perspective view of the wheel set of FIG. **6** being attached to the horizontal frame.

FIG. **8** is an environmental view of the versatile article support device transporting a boat.

FIG. **9** is a perspective view of the versatile article support device utilizing multiple wheel sets for a heavy load.

FIG. **10** is an alternate embodiment of the versatile article support device of the present invention.

FIG. **11** is another alternate embodiment of the versatile article support device of the present invention using a caster-based wheel implement.

FIG. **12** is another alternate embodiment of the versatile article support device of FIG. **11** using a wheel set-based wheel implement.

Similar reference numerals refer to similar parts throughout the several views of the drawings.

## DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring now to the drawings, it is seen that the versatile article support device of the present invention, generally denoted by reference numeral **10**, is comprised of a generally rectangular horizontal frame **12** that has a pair of coextensive side rails **14** joined by a series of cross rails **16** that are attached to the side rails **14** in any appropriate manner. At least the cross rails **16** are made from a tubular stock (metal, plastic, etc.) of square cross-section. The side rails **14** need not necessarily be of square cross-section, however, for ease of manufacturing of the device, may in fact so be and may be made from the same or similar material used to form the cross rails **16**. The horizontal frame **12** has an upper surface **18** and an opposing lower surface **20**.

A generally rectangular-shaped vertical frame **22** has a base rail **24** from which a pair of riser rails **26** extend upwardly from either end thereof, in spaced apart and parallel fashion. A top rail **28** connects the upper ends of the two riser rails **26**. The various rails **24**, **26** and **28** are made from the same or similar material used to make the components of the horizontal rail **12** and are connected to one another at their respective locations in any appropriate manner. As seen, a pair of hinge pin receives **30** is attached to at least one or possibly both of the riser rails **26** in any appropriate fashion (such as via the illustrated brackets **32**). As seen, each pair of hinge pin receivers **30** is a body member that has a pin opening **34** therethrough on one or both ends of the body member. When a pair of the hinge pin receivers **30** is attached to one of the riser rails **26**, the hinge pin receivers **30** align with one another and the pin openings **34** likewise align with one another and face in a vertical orientation when attached to the horizontal frame **12** as discussed below. The aligned pin openings **34** receive a pair of door pins from a door D of a vehicle in order to hold the door thereby. The hinge pin receivers **30** are height adjustable on the vertical frame **22**.

The vertical frame **22** is attached to the horizontal frame **12** by positioning the vertical frame **22** on the upper surface **18** of the horizontal frame **12** such that the base rail **24** of the vertical frame **22** sits atop one of the cross rails **16** of the horizontal frame **12**. Appropriate bolts **36** or similar implements are passed through openings **38** on the base rail **24** that align with corresponding openings **40** on the cross rail **16**. The vertical frame **22** is now secured to the horizontal frame **12** and is oriented substantially perpendicular to the horizontal frame **12** and as previously stated, the axis passing through an aligned pin opening **34** pair is likewise oriented in generally perpendicular fashion with respect to the horizontal frame **12**. The vertical frame **22** can be attached to any desired cross rail **16** of the horizontal frame **12** and more than one vertical frame **22** can be attached to the horizontal frame **12**, each cross rail **16** capable of supporting one vertical frame **22**.

An appropriate wheel implement is attachable to the versatile article support device **10**. As seen, a pair of caster assemblies **42** are provided and are attached to the lower surface **20** of the horizontal frame **12**. Specifically, each caster assembly **42** is attached to one of the side rails **14** at an appropriate location such as at one of the corners of the horizontal frame **12**, each caster assembly **42** being located directly opposite the other of the caster assembly **42** of the pair. Attachment of the caster assembly **42** to the horizontal frame **12** is in appropriate fashion such as via appropriate bolts **36** or similar implements that pass through aligned openings **44** on the horizontal frame **12** and on the caster plate **46** of the caster assembly **42** (opening not shown). More than one pair of caster assemblies **42** can be attached to the horizontal frame **12** and the caster assemblies **42** can be attached other than proximate the corners of the horizontal frame **12**.

Alternately, a wheel set **48** has an axle tube **50** that has a wheel **52** on either end of an axle shaft (not separately illustrated) disposed within the axle tube **50** in the typical way. The wheels **52** may be pneumatic. The outer housing of the axle tube **50** is rectangular in cross-section and has a generally U-shaped receiver **54** attached to one of the faces **56** of the axle tube **50**. Attached to an adjoining face **58** of the axle tube **50** is a pair of spaced apart extensions **60**. A cross bar **62** extends between the extensions **60** and is bent inwardly toward the axle tube **50**. The height of the extensions **60** is less than the cross section of the wheels **52**. The wheel set **48** is attached to the versatile article support device **10** by having the receiver **54** receive one of the cross rails **16** of the horizontal frame **12** and thereafter passing appropriate bolts **36** or similar implements through openings **64** on the receiver **54** and corresponding openings **66** on the cross rail **16**. As the cross rail **16** has a square cross-section. The receiver **54** can receive its cross rail **16** in a horizontal fashion (the receiver **54** faces toward the horizontal frame **12** or vertically for added support. Additionally, the extensions **60** and cross bar **62** may be facing downwardly so as to be out of the way (as the diameter of each wheel **52** is greater than the height of the extensions **60**, the wheels **52** provide sufficient ground clearance) or the wheel set **48** can be flipped so that the extensions **60** and cross bar **62** face upwardly so as to be able to receive an appropriate item such as the illustrated boat B. As seen in FIG. **3**, removal of the wheels **50** from the axle tube **50**, allows the wheel set to act as a landing skid.

One or more base plates **68** can be attached to the horizontal frame **12** by passing bolts or similar implements through openings on the base plate **68** and corresponding openings on the horizontal frame **12**. The base plate can be used to hold various items and may have cutaways, receptacles, holders, etc., in order to hold various items. Additional base plates **70** can be attached to opposing hinge pin receivers **30** with such base plates **70** attached to the hinge pin receivers by passing an appropriate connector through openings on the base plate **70** and through aligned pin openings **34**. Such base plates **70** may have a similar width to the width of the horizontal frame **12** so that such base plates **70** have a cutaway **72** on either side to accommodate the necessary clearance for the riser rails **26**. Such upwardly positioned base plates **70** can be used with the lower positioned base plates **68** to work in tandem. For example, the upper base plate **70** and the lower base plate **68** may each

have an opening that receives the shaft of a beach umbrella and holds the umbrella therein for usage.

In order to use the versatile article support device **10**, the appropriate wheel implement(s) and/or landing skid **46** may be attached to the horizontal frame **12**. One or more vertical frames **22** is attached to the horizontal frame **12** as desired. If further desired, one or more base plates are attached in appropriate position. The versatile article support device **10** is loaded as desired and transported via the wheel implement if needed.

As seen in FIG. **10**, in an alternate embodiment of the versatile article support device **110** of the present invention, the vertical frame **122** may have a pair of side rails joined by cross rails **116** such that the side rails are formed from a main section **114'** and an end section **114"** that has a male connector **174** that is removably received within a female opening **176** on the main section **114'** (or vice versa). One or both ends of the horizontal frame **112** can be so configured. In this way, the ends of the horizontal frame **112** can be removed for ease and compactness of storage and transport. The vertical frame **122** attaches to this horizontal frame **112** in the usual way.

As seen in FIG. **11**, in an alternate embodiment of the versatile article support rack **210** of the present invention, the horizontal frame **212** may be an essentially flat plate member in lieu of being formed as a series of parallel and perpendicular rails connected together. The vertical frame **222** is attached to an upper surface **218** of the horizontal frame **212** while caster assemblies **242** may be attached to appropriate locations of the lower surface **220** of the horizontal frame **212** or, as seen in FIG. **12**, a wheel set **248** can be attached to an end of the horizontal frame **212**.

While the invention has been particularly shown and described with reference to an embodiment thereof, it will be appreciated by those skilled in the art that various changes in form and detail may be made without departing from the spirit and scope of the invention.

I claim:

**1**. A rack comprising:

a horizontal frame having an upper surface and a corresponding lower surface, the horizontal frame formed by a pair of coextensive side rails joined by a series of transverse cross rails;

a vertical frame having a base rail and a first riser rail extending upwardly from the base rail and a second riser rail extending upwardly from the base rail coextensively with the first riser rail, such that the base rail is attached to the upper surface of the horizontal frame, the vertical frame also having a top rail that joins the first riser rail and the second riser rail, the base rail of the vertical rail attached directly to one of the cross rails of the horizontal frame;

a first of hinge pin receiver having a first opening and a second opening, the first hinge pine receiver attached to the first riser rail such that the first riser rail is located between the first opening and the second opening; and

a second of hinge pin receiver having a third opening and the fourth opening, the second hinge pin receiver attached to the first riser rail, below the first hinge pin receiver, such that the first opening of the first hinge pin receiver and the third opening of the second hinge pin receiver align with one another so that a first axis passes longitudinally through the aligned first opening and the third opening, the first axis also parallel with the pair of risers, and such that the second opening of the first hinge pin receiver and the fourth opening of the second hinge pin receiver align with one another so that a second axis passes longitudinally through the aligned second and the fourth opening, the second axis also parallel with the pair of risers.



**2**. The rack as in claim **1** further comprising a wheel implement removably attached to the lower surface of the horizontal frame.

**3**. The rack as in claim **2** wherein the wheel implement comprises:

a first caster attached to the first side rail; and

a second caster attached to the second side rail directly across from the first caster.

**4**. The rack as in claim **2** wherein the wheel implement comprises:

an axle tube attached to the horizontal frame;

a first wheel rotatably attached at a first end of the axle; and

a second wheel rotatably attached at a second end of the axle.

**5**. The rack as in claim **4** further comprising;

a pair of extensions rising upwardly from the axle; and

a cross bar extending between the pair of extensions and bent inwardly toward the axle.

**6**. The rack as in claim **2** wherein the wheel implement comprises:

an axle tube;

a U-shaped receiver attached to the axle tube such that the axle tube is received by the horizontal frame in fixed position;

a first wheel rotatably attached at a first end of the axle; and

a second wheel rotatably attached at a second end of the axle.

**7**. The rack as in claim **6** further comprising;

a pair of extensions rising upwardly from the axle; and

a cross bar extending between the pair of extensions and bent inwardly toward the axle.

**8**. The rack as in claim **7** wherein the receiver and the cross bar are radially offset from one another by 90 degrees.

**9**. The rack as in claim **2** wherein the wheel implement comprises either a first caster attached to the first side rail and a second caster attached to the second side rail directly across from the first caster or an axle attached to one of the cross rails with a first wheel rotatably attached to a first end of the axle and a second wheel rotatably attached to a second end of the axle.

**10**. The rack as in claim **1** wherein the horizontal frame is made from a first section and a second section removably attached to the first section.

**11**. The rack as in claim **1** further comprising a first base plate removably attached to the upper surface of the horizontal frame.

**12**. The rack as in claim **11** further comprising a second base plate removably attached to either the first hinge pin receiver or the second hinge pin receiver.

**13**. The rack as in claim **1** further comprising a base plate removably attached to either the first hinge pin receiver or the second hinge pin receiver.

**14**. A rack comprising:

a horizontal frame having an upper surface and a corresponding lower surface, the horizontal frame formed by a pair of coextensive side rails joined by a series of transverse cross rails;

a vertical frame having a base rail and a first riser rail extending upwardly from the base rail and a second riser rail extending upwardly from the base rail coextensively with the first riser rail, such that the base rail is attached directly to one of the cross rails on the upper

surface of the horizontal frame, the vertical frame also having a top rail that joins the first riser rail and the second riser rail;

a first of hinge pin receiver having a first opening attached to the first riser rail; and

a second of hinge pin receiver having a second opening attached to the first riser rail, below the first hinge pin receiver, such that first opening of the first hinge pin receiver and the second opening of the second hinge pin receiver align with one another so that a first axis passes longitudinally through the aligned first opening and the second opening, the first axis also parallel with the pair of risers, the first hinge pin receiver and the second hinge pin receiver are attached to the first riser rail so as to be positioned between the first riser rail and the second riser rail.

**15**. The rack as in claim **14** wherein the first hinge pin receiver has a third opening such that the first rail is located between the first opening and the third opening and the second hinge pin receiver has a fourth opening such that the third opening of the first hinge pin receiver and the fourth opening of the second hinge pin receiver align with one another so that a second axis passes longitudinally through the aligned third opening and the fourth opening, the second axis also parallel with the pair of risers.



**16**. The rack as in claim **14** further comprising a wheel implement removably attached to the lower surface of the horizontal frame.

**17**. The rack as in claim **16** wherein the wheel implement comprises:

a first caster attached to the lower surface of the horizontal frame; and

a second caster attached to the lower surface of the horizontal directly across from the first caster.

**18**. The rack as in claim **16** wherein the wheel implement comprises:

an axle tube attached to the horizontal frame;

a first wheel rotatably attached at a first end of the axle; and

a second wheel rotatably attached at a second end of the axle.

**19**. The rack as in claim **18** further comprising;

a pair of extensions rising upwardly from the axle; and

a cross bar extending between the pair of extensions and bent inwardly toward the axle.

* * * * *

# EXHIBIT B

From: "patent-evaluation@amazon.com" <patent-evaluation@amazon.com>
Date: 2026-11-03 23:57:19
To: 19906127876@163.com
Subject: RE:[CASE 22899971081] Notice: Amazon Patent Evaluation Express Program - Action Required

amazon

Hello,

We received a report from a patent owner who believes the items listed at the end of this email infringe their U.S. Patent No. 11,097,759.

If you wish to continue selling the items listed at the end of the email, you have two choices.

First, you can choose to resolve your claim with the patent owner directly within the next three weeks. If we receive a retraction from the patent owner within the next three weeks, we will allow you to continue selling the items listed at the end of this email. The patent owner's contact information is as follows:

EZ 4x4 LLC
jeffmfurr@furrlawfirm.com
95 Johnson Street Waterburg CT 06710

If the patent owner agrees to retract their complaint, they must send the retraction directly to us at patent-evaluation@amazon.com. Forwarded retractions will not be accepted. Another option is to resolve the claim with the patent owner in a federal district court case. If you are already engaged in a patent lawsuit with the patent owner, or if you file a lawsuit against the patent owner for declaratory judgment of non-infringement of the asserted patent, please provide us with a copy of the relevant complaint within the next three weeks, and you may continue selling the items listed at the end of the email while the lawsuit proceeds.

Second, you can choose to participate in neutral evaluation of the patent owner's claim. Amazon's neutral evaluation procedure is described in the attached document titled "Amazon Patent Evaluation Express Procedure." Please read this document carefully and note that payment of a deposit is required. If you choose to participate in the neutral evaluation, you must agree to the attached Amazon Patent Evaluation Express Agreement, complete Exhibit 2 of the Agreement, "Seller-Supplied Information," and return the completed Agreement to patent-evaluation@amazon.com within three weeks.

Please note that participation in the evaluation process does not guarantee that you will be able to continue to sell the items listed at the end of this email following the evaluation. If the evaluator decides that the items likely infringe, we intend to remove them from Amazon.com. If, however, the evaluator decides the items likely do not infringe, we will not remove your listings from Amazon.com, and your deposit may be refunded in part or in full.

If you do not either resolve your claim with the patent owner directly, or agree to participate in the neutral evaluation process, we will remove the listings at the end of this email along with any materially identical variants from Amazon.com.
To learn more about this policy, search for "Intellectual Property Violations" in Seller Central Help.

ASIN: B0GQ2MF74X
B0GQ2VVSVM
B0GQ2X8PKB
Infringement type: Patent
Patent Number: 11,097,759
Case ID: 22899971081

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).

Neutral Patent Evaluation Team
Amazon.com

--

Copyright 2026 Amazon, Inc, or its affiliates. All rights reserved.
Amazon.com, 410 Terry Avenue North, Seattle, WA 98109-5210

SPC-USAmazon-351845987535109

**2 attachments**

**Amazon Patent Evaluation Express Procedure.pdf**
206K

**EZ 4x4 LLC Executed Agreement.pdf**
247K

**Amazon Patent Evaluation Express Agreement**

This Amazon Patent Evaluation Express (APEX) Agreement ("Agreement") is between the Patent Owner (or Patent Owner's authorized representative) listed in Exhibit 1 and the Seller or Sellers (or their authorized representative(s)) listed in Exhibit 2 (collectively, "Participants").

Amazon.com, Inc. ("Amazon") has developed the APEX Procedure ("Procedure") for owners of United States utility patents to obtain an evaluation of their patent infringement claims against products offered by third-party sellers on amazon.com ("Evaluation"). By executing this agreement, the Patent Owner represents and warrants that it owns or has the right to enforce the patent identified in Exhibit 1 ("Patent"), and asserts that listings identified by the Amazon Standard Identification Numbers ("ASINs") in Exhibit 1 ("Products") infringe the patent claim identified in Exhibit 1.

By respectively executing Exhibits 1 and 2, Patent Owner and Seller agree as follows:

**1. Following the Evaluation Procedure.** Patent Owner and Seller have reviewed and agree to comply with the Procedure, which is incorporated herein by reference. Patent Owner agrees to accurately complete Exhibit 1, and Seller agrees to accurately complete Exhibit 2. Both Exhibits 1 and 2 are incorporated herein by reference.

**2. Confidentiality; No Discovery.** Participants agree not to disclose to third parties information or documents learned from other Participants, Amazon, or Evaluator in the Evaluation, except to their respective affiliates, legal counsel or as required by law; provided, however, that the fact that an Accused Product and ASIN (identified in Exhibit 1) was either removed or not as a result of an Evaluation, and the identity of the patent claim in that Evaluation, shall not be considered confidential. Participants agree that receipt or disclosure of any information relating to patents in APEX may not be used in court or any agency proceeding to establish notice of patent infringement, knowledge of any patent, or to establish damages. Participants agree not to seek discovery from other Participants, Amazon, or Evaluator relating to the Evaluation in any litigation, arbitration, or agency proceeding.

**3. Waiver of Claims.** Participants acknowledge and agree that neither Amazon nor Evaluator shall be liable for any claims arising out of the Procedure or Evaluation, and Participants hereby waive any claims (including claims that are unknown or are based on activities that have not yet occurred) against Amazon or Evaluator relating to the Procedure or Evaluation; provided that, the foregoing shall not be deemed to waive any rights or claims of a Participant to receive a refund of amounts paid by a Participant that should be returned to a Participant pursuant to the rules of the Procedure. Participants agree that Amazon's liability to any Participant relating to the Evaluation is limited to any payment made by that Participant to the Evaluator. Participants agree not to sue Amazon or its affiliates for infringement of the Patent with respect to the ASINs listed on Exhibit 1 or materially identical products. Nothing in this Agreement shall limit a Participant's ability to sue any Seller or other third party for infringement of the Patent.

**4. Updating Participant's Information.** Contact during the Evaluation will occur through the email addresses listed in Exhibits 1 and 2. It is each Participant's responsibility to ensure that its email address and other information in Exhibits 1 and 2 remain accurate and current.

**5. General Matters.** This Agreement shall be governed by the laws of the state of Washington, USA, and Participants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington. Any dispute regarding this Agreement may be submitted to the Evaluator, and if not resolved by the Evaluator may only be resolved by Amazon, in its sole discretion. Participants may not assign their rights or obligations under this Agreement. This Agreement does not create any partnership or any fiduciary relationship between or among the Participants, the Evaluator and Amazon. No third party is intended to be a beneficiary of this Agreement, except that the parties agree and acknowledge that the Evaluator and Amazon are third- party beneficiaries of Sections 2 and 3 of this Agreement. This Agreement and the APEX Procedure are the entire agreement for the Evaluation and supersede any prior agreements related to the Evaluation.

**Exhibit 1: Patent Owner-Supplied Information**

Patent Owner name: EZ 4x4, LLC

Patent Owner physical address: 95 Johnson Street, Waterbury CT 06710

Names of any corporate parents, subsidiaries, or other entities related to Patent Owner:

Name of individual contact for Patent Owner or Patent Owner's authorized representative:

Jeffrey Furr, Esq.

Is Patent Owner registered in Amazon's Brand Registry? If yes, please identify the brand(s) registered in Brand Registry:

EZ Truck

Email Address for contact (this email address will be used by the Evaluator and Amazon for communications related to the Evaluation): Jeffmfurr@furrlawfirm.com

United States utility patent number ("Asserted Patent") for Evaluation: 11,097,759

Patent Claim number for Evaluation: 1

Amazon Standard Identification Numbers (ASINs) of Accused Products:

| | | | | |
|---|---|---|---|---|
| B0H5K554KJ | B0GQ2X8FKB | | | |
| B0GQ2MF74X | | | | |
| B0FMY9BVJY | | | | |
| B0GQ2VV8VM | | | | |

Signature: [signature]

Name: Jeffry Furr

Title: ~~11/3/202~~ Attorney

Date: 11/03/2020

V260723

**Exhibit 2: Seller-Supplied Information**

Seller name:

Seller physical address:

Names of any corporate parents, subsidiaries, or other entities related to Seller:

Name of individual contact for Seller or Seller's authorized representative:

Email Address for contact (this email address will be used by the Evaluator and Amazon for communications related to the Evaluation):

Amazon Standard Identification Numbers (ASINs) of Accused Products for which Seller will participate in the Evaluation:

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Signature: ______________________________________________

Name: ______________________________________________

Title: ______________________________________________

Date: ____________________